UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>SHAHNAM DAVANI,<br><br>Defendant.<br><br>GOLDMAN SACHS & CO., LLC,<br><br>Garnishee. | Case No. 04-cr-00224-JSW-1<br><br>**ORDER DENYING SHAHNAM DAVANI'S MOTION TO QUASH WRIT OF CONTINUING GARNISHMENT**<br><br>Re: Dkt. Nos. 106, 110 |

Now before the Court for consideration is the motion to quash a writ of continuing garnishment filed Defendant Shahnam Davani ("Mr. Davani").[1] The Court has considered the parties' briefs, relevant legal authority, the record in this case, and the parties' argument at the hearing held on March 14, 2023. For the reasons that follow the Court DENIES Mr. Davani's motion.

**BACKGROUND**

On June 27, 2005, Mr. Davani pled guilty to six counts of mail, wire, and bank fraud. On February 16, 2006, the Court sentenced Mr. Davani to a term of 37 months imprisonment and imposed restitution in the amount of $295,000.00 ($185,000.00 to Bank of America and $110,000 to Capital Suisse Securities LLC). (Dkt. Nos. 41, 51, 53.)

On April 25, 2012, the Court granted the United States Probation Office's request to allow Mr. Davani's term of supervised release to expire with a restitution balance of $288,051.00.

---

[1] Mr. Davani's wife, Bernadette Gomez, moved to quash a writ of garnishment issued to her employer. The Court will address that motion in a separate order.

According to the Probation Officer, Mr. Davani "generally made $300 a month payments for a total of $7,459" since his term of supervised release began. (Dkt. No. 85.)

On January 3, 2023, the Government filed an application for a writ of continuing garnishment to be issued to Plastikon Industries, Inc., Mr. Davani's employer. The Government attested that Mr. Davani has paid $12,089.00 in restitution. With accumulated interest, the restitution balance was $513,914.95 as of January 3, 2023. The Government asked for a writ in the amount of 565,306.44, which included a 10% statutory sur-charge of 10% on the unpaid restitution. (Dkt. No. 86-1, Declaration of Gina Vieyra, ¶ 5.)

Because the Government represented that it last made a demand for payment in 2019, the Court required a supplemental statement about whether it had made a more recent demand. (Dkt. Nos. 91, 93.) On January 20, 2023, after it received and considered that supplemental statement, the Court granted the Government's application, and the writ was issued. Mr. Davani filed his motion to quash on January 30, 2023.[2]

**ANALYSIS**

The Court imposed restitution pursuant to the Mandatory Victims Restitution Act ("MVRA"). As a preliminary matter, the Court DENIES Mr. Davani's request that the Court modify the judgment and eliminate his obligation to pay restitution to Capital Suisse Securities because it is not – and apparently was not at the time of judgment – a going concern. However, the Court ORDERS the Government to make reasonable efforts to determine whether Credit Suisse Securities has a successor in interest to whom restitution should be paid. If the Government is unable to locate a successor in interest within forty-five (45) days of this Order, it shall so notify the Court and may ask the Court to re-direct the restitution payments to the Crime Victims Fund. *See United States v. Hankins,* 858 F.3d 1273, 1278-81 (9th Cir. 2017) (concluding district court had authority to redirect restitution payments to Crime Victims Fund based on mandatory nature of restitution, payment obligation is not contingent on victim, and purpose of

---

[2] On February 3, 2023, Mr. Davani filed the forms requesting a hearing and claims for exemption that were part of the notice sent to him when the Court issued the writs. (Dkt. Nos. 110, 111.) Based on the proofs of service, it does not appear that his counsel assisted him with those filings.

restitution).

Pursuant to the MVRA, the Government is authorized to use collection procedures set forth in the Federal Debt Collection Procedures Act ("FDCPA") to enforce the restitution order. *See, e.g., United States v. Mays*, 430 F.3d 963, 965-66 (9th Cir. 2005). Under the FDCPA, the Court is permitted to "issue a writ of garnishment against property (including nonexempt disposable earnings) in which the debtor has a substantial nonexempt interest and which is in the possession, custody, or control of a person other than the debtor, in order to satisfy the judgment against the debtor." 28 U.S.C. § 3205(a). The also Court may deny, limit, condition, or modify the use of any enforcement procedure permitted under the FDCPA. *Id.* § 3013.

A hearing on a motion to quash under the FDCPA is limited to specific issues, including "compliance with any statutory requirement for the issuance" of the writ. *Id.* § 3202(d). Mr. Davani does not argue that the Government failed to comply with any of the statutory conditions for the writ issued to his employer. The Court concludes that none of the other issues set forth in Section 3202(d) are applicable. Thus, Mr. Davani has not met his burden to show the Court should quash or otherwise modify the writ of continuing garnishment under section 3013.

Mr. Davani also invokes 18 U.S.C. section 3664(k), which provides that, on a showing of a material change in a defendant's economic circumstances, a court has the authority to modify the payment schedule for restitution "or require immediate payment in full, as the interests of justice require." 18 U.S.C. § 3664(k); *see also id.* § 3664(f) (setting forth factors to consider in setting restitution payments).[3] The Court concludes Mr. Davani has not shown a material change in his economic circumstances. Finally, the Court has considered whether it should exercise its discretion to reduce the percentage of Mr. Davani's wages that will be subject to garnishment. Mr. Davani has made somewhat regular payments but between 2013 and 2018, he made two payments and has not provided any explanation for those gaps. He also asserts that he increased the size of his restitution payments after he paid off a large tax obligation. However, the payment

---

[3] Davani also asked the Court to refer this matter to the United States Probation Office for a report and recommendation of a reasonable payment plan. Davani is no longer on supervised release, and the Court DENIES that request.

1  record shows that the size of his payments decreased by approximately $200 once he began to
2  resume payments in 2019.  (Williams Decl., ¶ 15, Ex. 11.)  The Court also has considered the
3  information presented regarding Mr. Davani's son's medical needs.  The Court DENIES the
4  request to modify the amount to be garnished.
5        Accordingly, the Court DENIES Mr. Davani's motion to quash the writ of continuing
6  garnishment to Plastikon Industries, Inc.
7  **IT IS SO ORDERED**.
8  Dated: March 15, 2023

_____
JEFFREY S. WHITE
United States District Judge